CRONLY & MORRIS *v.* PATRICK MURPHY.

Upon a question whether a party, demanding of the lessor to be put into possession of premises that had been let to him, was ready and able to pay a quarter's rent in advance : *Held*, that the evidence of such party, that he was ready to pay if he had been put into possession; and that he did not hear an alleged demand of such rent by the lessor as a condition of putting him into possession, for if he had, he would have paid it,—was *some evidence* of such readiness and ability, and as such was to be left to the jury.

(*Cobb* v. *Fogleman*, 1 Ire. 440 ; *Brown* v. *Patton*, 13 Ire. 446; *Wells* v. *Clements*, 3 Jon. 168, cited and approved.)

CASE, tried before *Russell, J.*, at January Special Term 1870 of NEW HANOVER Court.

The plaintiffs declared for breach of a contract to give them possession of certain premises, which they had leased from the defendant for one year, to begin in October 1865. The defendant resisted a recovery, upon the ground that the plaintiffs were not ready and able to pay in advance a quarter's rent, as had been stipulated for, and had been demanded by him of them at the time of their requiring possession. Upon this point, Cronly, one of the plaintiffs, who had demanded possession, testified that he did not hear the defendant make a demand for the quarter's rent at that time, for if he had, *he* would have paid it. He also testified that the plaintiffs were ready to pay if they had been put in possession.

His Honor charged that it was incumbent on the plaintiffs to show that when they demanded possession, they were ready and able to pay that part of the rent that was payable in advance; that there was some evidence of their readiness and ability, and it was for the jury to say whether it satisfied them that the plaintiffs were ready and able to pay.

Verdict for the plaintiffs; Judgment accordingly; Appeal by the defendant.

---

---

*Strange*, for the appellant.
*London, contra.*

DICK, J.   There is only one question presented for our consideration by the record in this case:   The counsel for the defendant asked his Honor to charge the jury, that the plaintiffs could not recover at all, because they had failed to prove their readiness and ability to pay the quarter's rent in advance at the time they were entitled to the occupation of the premises.

In questions of this character it is often a difficult matter for a Judge on the trial of a case to draw the line between defect of evidence and slight evidence; yet such a distinction exists, and should be observed as far as practicable: *Cobb* v. *Fogleman*, 1 Ire. 440.   Where there is *any* relevant evidence, the Judge, on the trial, should submit it to the jury, that they may pass upon its sufficiency.   If he submits a material fact to the jury, as to which there is no evidence, it is erroneous; for when the law does not presume a fact, it must always be sustained by proof at the trial:   *Brown* v. *Patton*, 13 Ire. 446;   *Wells* v. *Clements*, 3 Jon. 168.

We have examined the record in this case with care, and concur in the opinion of his Honor, that there was some evidence as to the question submitted to the jury.   They have found the facts to be as alleged by the plaintiffs.

The jury are the arbiters in such matters, and the judgment must be affirmed.

PER CURIAM.                              Judgment affirmed.